Joseph Panvini (028359)
Weisberg & Meyers, LLC
5025 North Central Ave., #602
Phoenix, AZ 85012
602 445 9819
866 565 1327 facsimile
jpanvini@AttorneysForConsumers.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Mansfield, | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT AND TRIAL BY JURY** |
| | ) **DEMAND** |
| vs. | ) |
| | ) |
| Alpha Recovery Corp., and | ) |
| Jefferson Capital Systems, LLC | ) |
| | ) |
| Defendants. | ) |

**NATURE OF ACTION**

1. This is an action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendants transact business in this district.

## PARTIES

4. Plaintiff Richard Mansfield ("Plaintiff") is a natural person who at all relevant times resided in the State of Arizona, County of Maricopa, and City of Mesa.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant Alpha Recovery Corp. ("Alpha") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Alpha is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendant Jefferson Capital Systems, LLC ("Jefferson") is an entity who acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of attempting to collect a debt from Plaintiff.

9. Jefferson is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Alpha.

11. Plaintiff's obligation, or alleged obligation, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal credit card (the "Debt").

12. Alpha uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly

collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

13. Jefferson purchases debts once owed or once due, or asserted to be once owed or once due, a creditor.

14. Jefferson acquired Plaintiff's Debt once owed or once due, or asserted to be once owed or once due, a creditor, when the Debt was in default.

15. Jefferson retained Alpha to collect the Debt from Plaintiff on its behalf.

16. On or about December 31, 2012, Plaintiff spoke with Alpha over the phone in connection with Alpha's attempted collection of Plaintiff's Debt.

17. During the phone call, Alpha and Plaintiff discussed a potential settlement of the Debt.

18. Alpha stated that it could accept $1,410.00 to satisfy Plaintiff's Debt, and that there would be an additional $9.95 fee for payment by credit or debit card or by ACH transaction.

19. Plaintiff asked Alpha if they could waive the fee, however Alpha refused to do so.

20. Thereafter, Defendant sent written correspondence dated December 31, 2012 to Plaintiff via email. (See December 31, 2012 Correspondence, attached as Exhibit A).

21. In its correspondence, Defendant demanded payment of the Debt from Plaintiff in the amount of $1,410.00.

22. Further, Defendant stated: "This settlement offer will expire unless we receive your payment of $1,410.00 due in our office on or before 12/31/2012."

23. Defendant's correspondence additionally stated: "A $9.95 convenience fee will be charged on all credit/debit cards and ACH transactions except in CO, CT, ID, MA, MN, WA, or WI."

24. Because Defendant sent its settlement demand to Plaintiff on December 31, 2012, in order to meet the payment deadline of December 31, 2012, the only way Plaintiff could pay would be by a credit/debit card or ACH transaction.

25. Upon information and good-faith belief, no state law expressly permits Defendant to charge Plaintiff a $9.95 "convenience fee."

26. Upon information and good-faith belief, the agreement creating the Debt does not expressly authorize Defendant to charge Plaintiff a $9.95 "convenience fee."

### COUNT I
### VIOLATION OF 15 U.S.C. § 1692f(1)
### ALPHA

27. Plaintiff repeats and re-alleges each and every factual allegation above.

28. Alpha violated 15 U.S.C. § 1692f(1) by using unfair or unconscionable means to collect or attempt to collect any debt, including by attempting to collect a charge not expressly authorized by the agreement creating the Debt or permitted by law.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Alpha violated 15 U.S.C. § 1692f(1);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

    f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT II
### VIOLATION OF 15 U.S.C. § 1692f(1)
### JEFFERSON

29. Plaintiff repeats and re-alleges each and every factual allegation above.

30. Alpha violated 15 U.S.C. § 1692f(1) by using unfair or unconscionable means to collect or attempt to collect any debt, including by attempting to collect a charge not expressly authorized by the agreement creating the Debt or permitted by law.

31. Jefferson, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of Alpha—the debt collector it retained to collect on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Alpha violated 15 U.S.C. § 1692f(1);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

32. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: December 12, 2013.

    Respectfully submitted,

    By: s/Joseph Panvini
    Joseph Panvini (028359)
    Weisberg & Meyers, LLC
    5025 North Central Ave., #602
    Phoenix, AZ 85012
    602 445 9819
    866 565 1327 facsimile
    jpanvini@AttorneysForConsumers.com
    Attorney for Plaintiff